estimate was too low, and, exercising their prerogative, placed upon the goods a just and reasonable value, based upon the whole testimony. The finding ($500), we think, was not high, but just about right.

We also think that plaintiff's expert, who was produced to testify as to the value of the destroyed property, had enough knowledge of the value of such goods to give an opinion and estimate the value thereof. For many years he had purchased and sold such goods; also was present upon a great many occasions when purchases and sales of goods were made; and was an adjuster for the insured in many instances when property was destroyed or injured by fire. This experience was sufficient, we judge, to make him an expert, and a person fit to express an opinion as to the value of the goods in question, particularly in view of the fact that he was personally and intimately acquainted with their kind and character, having seen and examined them upon many occasions while in plaintiff's possession.

The appellant's contention that the plaintiff waived the "fireproof condition," we think, is not borne out by the evidence. We cannot find any evidence herein that would justify us in so deciding. We also think that plaintiff sustained the burden of proof, as he was required to do.

We believe that no error was committed. The judgment is therefore affirmed, with costs.

---

### GALLERSTEIN v. MANHATTAN R. CO.

(City Court of New York, General Term. January 3, 1899.)

INFANTS—PAUPERS—SECURITY FOR COSTS.
The mere fact that an infant has inherited no property and has none that was given to him does not show that he is a pauper within the statute exempting paupers from giving security for costs.

Appeal from special term.

Action by Phineas Gallerstein, an infant, by guardian against the Manhattan Railroad Company. From an order requiring plaintiff to give security for costs, he appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT, JJ.

Emanuel Hertz, for appellant.
Charles A. Gardiner, for respondent.

PER CURIAM. The order appealed from must be affirmed. It does not appear that said order in anywise prevented plaintiff from continuing the action brought by him. He is a pauper, just as all infants are paupers who have no estate real or personal given them or bequeathed or inherited by them. It was surely not the intention of the statute referred to to declare all infants paupers except those just referred to, but was calculated to enable infants to carry on a litigation without cost to themselves if they could not do so in the

usual way. In this instance we believe that the special term justice was right in declaring that this was not such a case. The order appealed from is affirmed, with costs.